**SEEBURG CORPORATION,**
a Michigan corporation,
Plaintiff

v.

**AMR PUBLISHING, A DIVISION OF VICTORY GLASS COMPANY, and Victory Glass, Inc., an Iowa corporation, Defendants.**

No. 1:98–CV–525.

United States District Court,
W.D. Michigan,
Southern Division.

April 16, 1999.

Andrew John Rogness, Sturgis, MI, for Plaintiff.

Randall G. Litton, Eugene J. Rath, III, Price, Heneveld, Cooper, Dewitt, et al., Grand Rapids, MI, Bruce W. McKee, Daniel J. Cosgrove, Zarley, McKee, Thomte, Voorhees, et al., Des Moines, IA, for Defendants.

## *OPINION*

ROBERT HOLMES BELL, District Judge.

The Plaintiff, Seeburg Corporation, brought this complaint[1] against the Defendants AMR Publishing and Victory Glass[2] alleging that their promulgation of jukebox operating and repair manuals utilizing the "Seeburg" name constitutes copyright infringement in violation of 17 U.S.C. § 101[3] and their use of the "Seeburg" name constitutes trademark infringement in violation of 15 U.S.C. § 1051.[4] The Plaintiff also alleges common law trademark infringement[5] and unfair trade practice/ unfair competition.[6] The Plaintiff seeks damages and injunctive relief. Before this Court is the Defendants' Motion for Summary Judgment as to all counts of the Plaintiff's complaint. Having reviewed the briefs submitted by the parties, the Court concludes that oral argument on this motion is not necessary. For the reasons

---

1. The Plaintiff's complaint is in twenty-one numbered paragraphs. The claims are not set out as separately numbered counts.

2. Victory Glass acquired AMR Publishing in 1995. Def's Br., Exh. 5, Loots Affidavit ¶ 6.

3. Compl. ¶ 10.

4. Compl. ¶ 6.

5. Compl. ¶ 7.

6. Compl. ¶ 15.

stated herein, the Defendants' motion is granted.

## I

The original Seeburg Corporation, established in 1902, manufactured and made famous the Seeburg jukebox. It is an entirely distinct entity from the Plaintiff. The original Seeburg Corporation is defunct.

The Plaintiff alleges that it markets jukeboxes.[7] Thomas DeAngelo ("DeAngelo") is the owner of the Plaintiff corporation. The Plaintiff was incorporated in 1996 and, prior to this, DeAngelo attests that he had been operating as a sole proprietorship.[8] According to the Complaint, J. Gordon Cameron of the original Seeburg Corporation permitted DeAngelo to distribute Seeburg jukeboxes in his location.[9] The Plaintiff also asserts that, at the same time, Gordon gave DeAngelo permission to utilize the Seeburg trademark and that DeAngelo has been using the trademark since that time.[10]

In 1963, the original Seeburg Corporation created the Seeburg Background Music Division.[11] DeAngelo contends that beginning in 1970 he began acquiring the Seeburg Background Music Division.[12]

Victory Glass was formed by Stephen Loots in 1979.[13] It markets parts and operating manuals for jukeboxes, primarily those produced before 1977, including those manufactured by Seeburg. Since the 1980's, it has used "Seeburg" on repair parts and has sold service manuals for Seeburg Jukeboxes.[14] It contends that the service manuals it has sold for the past 20 years were not copyrighted by the original Seeburg Corporation.[15] The Defendants argue that they are entitled to summary judgment because: (1) the Plaintiff does not have standing to bring a copyright claim; and (2) the Plaintiff does not have standing to bring a trademark violation claim because it is not an owner of the mark nor has it established that its use antedated the Defendants'.

Although the Plaintiff alleges in its Complaint that it is the holder of a copyright,[16] the Plaintiff admits in its reply brief that it was confused and that it filed for registration of the Seeburg mark and for copyright protection for its operating and repair manuals after it initiated this action. The Plaintiff seeks leave to amend its complaint to allege that its applications for registration are pending.[17] With respect to the trademark claims, the Plaintiff contends that: (1) as a distributor, it has standing to bring suit and (2) DeAngelo was a prior user and his use establishes a "chain of title and prior use." In addition, the Plaintiff argues that it had permission from the original Seeburg Corporation to use the trademark. As a final matter, the Plaintiff argues that summary judgment is "inappropriate where the parties have not had an opportunity to fully develop discovery."

## II

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judg-

---

7.  Pl's Reply Br. (Dkt. # 17), DeAngelo Affidavit ¶ 9.

8.  Pl's Reply Br., DeAngelo Affidavit ¶ ¶ 1–2.

9.  Pl's Reply Br., DeAngelo Affidavit ¶ 5.

10.  Pl's Reply Br., DeAngelo Affidavit ¶ 6.

11.  Pl's Reply Br., DeAngelo Affidavit ¶ 7.

12.  Pl's Reply Br., DeAngelo Affidavit ¶ 7.

13.  Def's Br., Exh. 5, Loots Affidavit ¶ 1.

14.  Def's Br., Exh. 5, Loots Affidavit ¶ 4.

15.  Def's Br., Exh. 5, Loots Affidavit ¶ 5.

16.  Compl. ¶ 10.

17.  Pl's Reply Br., DeAngelo Affidavit ¶ 16; Pl's Reply Br. at 3. The Plaintiff does not state that its amendment would include any facts other than a clarification that it has applied for a copyright. This being so, such amendment would be futile because the Plaintiff's allegations still fail to satisfy the threshold requirements of demonstrating ownership.

ment the court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). If Defendants carry their burden of showing there is an absence of evidence to support a claim then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In determining a motion for summary judgment the court views the evidence in the light most favorable to the opposing party and draws all justifiable inferences in his favor. *Morales v. American Honda Motor Co. Inc.*, 71 F.3d 531, 535 (6th Cir. 1995). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id. See generally, Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476–80 (6th Cir.1989).

## III

■ The Court first addresses the Plaintiff's copyright infringement claim.

**18.** A claim for copyright infringement must allege:

> 1) which specific original works are the subject of the copyright claim,
> 2) that plaintiff owns the copyrights in those works,
> 3) that the copyrights have been registered in accordance with the statute; and
> 4) by what acts during what time the defendant infringed the copyright.

*Kelley Studios Inc. v. International Collectors Society Inc.*, 44 U.S.P.Q.2d 1799, 1800, 1997 WL 598461 (S.D.N.Y.1997).

The Defendants contend that the Plaintiff cannot demonstrate infringement because it failed to proffer either the allegedly copyrighted material (original works) or a description of how and when the Defendants allegedly infringed upon the work. The Plaintiff has

The Defendants argue that they are entitled to summary judgment because the Plaintiff has raised no genuine issue of fact to support either the validity of its own copyright or the claim of alleged infringement.[18] Specifically, the Defendants assert that the Plaintiff was incorporated in 1996, and that "it cannot have acquired any rights in the mark Seeburg unless those rights have been transferred from another." The Court agrees with the Defendants that the Plaintiff has failed to raise a genuine issue of material fact as to the validity of its copyright; therefore, the Court need not reach the Defendant's second argument that the Plaintiff failed to demonstrate infringement.

■ In order to establish copyright infringement, the Plaintiff must prove both: (1) valid ownership of the copyright; and (2) copying by the defendant of the protectable elements of the plaintiff's work. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991); *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir.1984).

The Plaintiff is correct that its application for copyright protection *after* it initiated suit does not preclude this action. A copyright owner may register his claim at any time during the life of the copyright. 17 U.S.C. § 408(a).[19]

applied for registration of the operating manuals.

**19.** Section 412(2), however, proscribes the award of attorney's fees or statutory damages for:

> any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

The Sixth Circuit has determined that infringement "commences" for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs. *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir.1998). Assuming that the Plaintiff applied for registration when it brought this action, § 412(2) appears to preclude the Plaintiff's

■ The Plaintiff has submitted applications for registration of the manuals.[20] This is a preliminary step in the registration/ recordation process. It does not imply that any determination has been made in the case. "A plaintiff's duly issued certificate of registration suffices as prima facie evidence of the copyright's validity." *Andrien v. Southern Ocean County Chamber of Commerce*, 927 F.2d 132, 134 (3d Cir.1991) (citing 17 U.S.C. § 410(c)). The copyright application lists the date of first publication as July 15, 1998. The complaint, however, does not indicate this date, nor for that matter does it contain any dates. Accordingly, the applications are not prima facie evidence of ownership.

■ The Plaintiff instead relies upon a theory of standing, tenuous at best, to maintain its copyright infringement claim. The Plaintiff's argument begins with the premise that it was granted a distributorship from the original Seeburg Corporation and use of trademark on June 5, 1970. It argues that DeAngelo was a distributor, and that when the Plaintiff incorporated in 1996, it was DeAngelo's successor such that it can maintain a copyright infringement action. It also claims that DeAngelo, after acquiring the Seeburg Background Music Division, is the "transferee" of Seeburg. The Plaintiff is DeAngelo's successor, so the argument goes, and is therefore also a transferee of the original Seeburg Corporation.

Regarding the Plaintiff's claim that DeAngelo was granted a distributorship on June 5, 1970, and that the Plaintiff is DeAngelo's "successor," the Plaintiff offers no authority to demonstrate that a corporation can be a successor to a sole proprietorship. The Plaintiff offers neither evidence nor precedent to support this logic. Because the Plaintiff is unable to sustain its burden of demonstrating ownership, the Defendant's motion for summary judgment as to the copyright infringement claim is granted.

■ The Court next addresses the Plaintiff's trademark infringement claim.[21] To establish a claim for infringement under 15 U.S.C. § 1125(a), the Plaintiff must demonstrate: (1) ownership of a specific service mark in connection with specific services; (2) continuous use of the service mark; (3) establishment of secondary meaning if the mark is descriptive; and (4)

recovery of statutory damages because the alleged infringement "commenced" after the first publication of the operating manuals and before the effective date of the registration, where the registration was *not* within three months of the first publication of the work.

**20.** Section 17 U.S.C. § 410 provides:

Registration of claim and issuance of certificate

(a) When, after examination, the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited constitutes copyrightable subject matter and that the other legal and formal requirements of this title have been met, the Register shall register the claim and issue to the applicant a certificate of registration under the seal of the Copyright Office. The certificate shall contain the information given in the application, together with the number and effective date of the registration.

(b) In any case in which the Register of Copyrights determines that, in accordance with the provisions of this title, the material deposited does not constitute copyrightable subject matter or that the claim is invalid for any other reason, the Register shall refuse registration and shall notify the applicant in writing of the reasons for such refusal.

(c) In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court.

**21.** 15 U.S.C. § 1114(1)(a)(1) provides:

Any person who shall, without the consent of the registrant—

use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with such use is likely to cause confusion, or to cause mistake, or deceive ... shall be liable in a civil action by the registrant for the remedies hereinafter provided.

a likelihood of confusion amongst consumers due to the contemporaneous use of the parties' service marks in connection with the parties' respective services. *Homeowners Group, Inc. v. Home Marketing Specialists, Inc.,* 931 F.2d 1100, 1105 (6th Cir.1991).

The threshold issue is whether the Plaintiff has made a sufficient showing of ownership. The standard test for ownership is priority of use. The party claiming ownership must have been the first to actually use the mark. *Sengoku Works Ltd. v. RMC Int'l Ltd.,* 96 F.3d 1217, 1219 (9th Cir.1996); 1 J. McCarthy, *Trademarks and Unfair Competition,* § 16:5, at 733 (2d ed.1984). The Plaintiff argues that its use of the trademark predated the Defendants because: (1) DeAngelo was granted a distributorship on June 5, 1970, and that the Plaintiff is DeAngelo's "successor"; (2) Plaintiff is a "transferee" of the original Seeburg Corporation because DeAngelo acquired Seeburg Background Music Division; (3) the trademark was assigned to it; and (4) DeAngelo had permission from J. Cameron Gordon to utilize the Seeburg mark. As the Court has already dispensed with the first two arguments, it will address the Plaintiff's alternate grounds of asserting an infringement claim, namely that the mark was assigned to it and that it had permission to use the trademark from the original corporation.

After its Reply to the Defendant's motion, the Plaintiff sought leave to amend its reply with additional documentation. The Plaintiff offered a copy of a document purporting to assign the Seeburg trademark from Seeburg, International, to DeAngelo effective October 22, 1997. Neither its complaint nor its reply brief asserted that a transfer document existed. The Plaintiff offers no explanation of its convenient appearance now. The document, however, does not alter the fact that the Plaintiff was incorporated in 1996, and the Defendant was using the trademark well before this time. Thus, the document does not create a genuine issue of material fact as to whether the Plaintiff attained ownership through prior use.

With regard to its "permission" argument, the Plaintiff relies upon a June 1970 letter addressed to DeAngelo from the original Seeburg Corporation. This document merely states that Mr. Gordon "will grant your request to be a distributor for your locations." [22] It is silent as to the use and ownership of the Seeburg trademark. Although it is true that assignment of trademark rights does not have to be in writing, an implied agreement to transfer requires conduct manifesting agreement. *TMT North America Inc. v. Magic Touch GmbH,* 124 F.3d 876, 883 (1997). "[S]trong evidence" is required to establish an assignment. *Id.* This is to "both prevent parties from using self-serving testimony to gain ownership of trademarks and to give parties incentives to identify the ownership of the marks they employ." *Id.* The evidence proffered by the Plaintiff shows no intent to transfer the trademark.

## IV

The plain language of Rule 56 mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp. v. Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Because the Plaintiff has failed to make a sufficient showing on

---

**22.** The Defendants raise questions about the authenticity of the letter because they allege that: (1) Mr. Gordon left the original Seeburg Corporation in 1966; (2) Mr. Gordon's signature does not match other samples; and (3) his name is incorrectly spelled. Because the Plaintiff's failure to satisfy the first prong of an infringement claim is dispositive, the Court need not address the authenticity issues raised by the Defendants.

an essential element of its case with respect to which it has the burden of proof, the Defendants are entitled to judgment as a matter of law as to the copyright and trademark infringement claims. Because ownership is a predicate for maintaining the Plaintiff's claims of common law trademark infringement and unfair trade practice/ unfair competition; *Hair Associates, Inc. v. National Hair Replacement Services, Inc.,* 987 F.Supp. 569, 581 (W.D.Mich.1997); summary judgment is also granted as to these causes of action.